# EXHIBIT B



# Notice of Service of Process

null / ALL
Transmittal Number: 24862768
Date Processed: 05/03/2022

| | |
|---|---|
| Entity: | Six Flags Great Adventure LLC<br>Entity ID Number 2520103 |
| Entity Served: | Six Flags Great Adventure, LLC |
| Title of Action: | Yolanda Follors vs. Six Flags Great Adventure, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Ocean County Superior Court, NJ |
| Case/Reference No: | OCN-L-000880-22 |
| Jurisdiction Served: | New Jersey |
| Date Served on CSC: | 04/28/2022 |
| Answer or Appearance Due: | 35 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Wishnic & Jerushalmy, LLC<br>732-448-1700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| | |
|---|---|
| Attorney(s): | Eugene S. Wishnic, Esquire |
| Attorney Id No.: | |
| Law Firm: | **WISHNIC & JERUSHALMY, LLC** |
| Address: | **146 LIVINGSTON AVENUE** |
| | **NEW BRUNSWICK, NJ 08901** |
| Telephone No.: | (732) 448-1700 |
| Fax No.: | (732) 448-1624 |
| E-mail: | |
| Attorney(s) for Plaintiff(s): | YOLANDA FOLLORS |

**YOLANDA FOLLORS**

Plaintiff(s)

vs.

**SIX FLAGS GREAT ADVENTURE, LLC.,
SIX FLAGS ENTERTAINMENT CORP.**

Defendant(s)

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION

OCEAN COUNTY

DOCKET NO.: OCN-L-0880-22

CIVIL ACTION

# Summons

**FROM THE STATE OF NEW JERSEY**

To the Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is provided and available in the Civil Division Management Office in the county listed above or online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ 175.00          and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10792
Rev. 9/4/12    Effective 9/4/12    P10/13

Powered by
HOTdocs

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510    Page 1

If you cannot afford an attorney, you may call the Legal Services Office in the county where you live or the Legal Services of New Jersey statewide hotline at 1-888-LSNJ-LAW (576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is provided and available online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: _____

/s/ Michelle M. Smith
MICHELLE M. SMITH      *Clerk of the Superior Court*

Name of Defendant to be Served: **SIX FLAGS GREAT ADVENTURE, LLC.,**
**SIX FLAGS ENTERTAINMENT CORP. C/O CORPORATION SERVICE COMPANY**

Address of Defendant to be Served: **100 PRINCETON SOUTH CORPORATE CENTER, SUITE 160**
**EWING, NJ 08628**

31 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10792
Rev. 9/4/12   Effective 9/4/12   P10/13

Powered by
HOTDOCS

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice, First Floor
101 South Fifth Street, Suite 150
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY**
Deputy Clerk of the Superior Court
9 North Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street, P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake, First Floor, Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Department
Brennan Court House, First Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Middlesex Vicinage
Second Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY**
Morris County Courthouse
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
First Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

*Updated: 8/21/13*


Powered by HOTDOCS

SJ - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A - CN 10153
Rev. 9/13 - 010/13

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 3

Eugene S. Wishnic, Esq. – 040411992
**WISHNIC & JERUSHALMY, LLC**
146 Livingston Avenue
New Brunswick, New Jersey 08901
Telephone (732) 448-1700
Facsimile (732) 448-1624
Attorneys for the Plaintiff

| | |
|---|---|
| **YOLANDA FOLLORS**<br><br>                **Plaintiff,**<br>vs.<br><br>**SIX FLAGS GREAT ADVENTURE, LLC, SIX FLAGS ENTERTAINMENT CORP., JOHN DOE 1 (fictitious name, true name unknown), JANE DOE 1 (fictitious name, true name unknown), JANE DOE 2 (fictitious name, true name unknown), JOHN DOE(S) 2-10 (fictitious names, true names unknown), JANE DOE(S) 3-10 (fictitious names, true names unknown), and ABC CORPORATION(S) 1-10 (fictitious names, true names unknown),**<br><br>                **Defendants.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: OCEAN COUNTY<br><br>Docket No.: OCN-L-<br><br>*Civil Action*<br><br>**COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR PRODUCTION OF DOCUMENTS, AND DEMAND FOR ANSWERS TO FORM C INTERROGATORIES** |

Plaintiff, YOLANDA FOLLORS, residing at 153-50 8th Avenue, Apartment 620, Jamaica, County of Queens, and State of New York, by way of Complaint against the Defendants, says:

### FACTS COMMON TO ALL COUNTS

1. Defendant SIX FLAGS GREAT ADVENTURE, LLC, is, and at all times mentioned was, a New Jersey Limited Liability Corporation, having its principal place of business in the Township of Jackson, Ocean County, New Jersey.

2. Defendant SIX FLAGS ENTERTAINMENT CORP. is, and at all times mentioned was, a Delaware Corporation, with its principal place of business in Grand Prairie, Texas.

3. At all times relevant herein, the Defendants owned, maintained, operated, a public place of amusement commonly known as Six Flags Great Adventure theme park (hereinafter, the "Park"), located in Jackson, New Jersey, with facilities for the use of the general public on the purchase of an admission ticket.

4. At all times relevant herein Defendants, JOHN DOE 1, JANE DOE 1, and JANE DOE 2, whose true names are presently unknown, were employees of Defendant SIX FLAGS GREAT ADVENTURE, LLC and/or Defendant SIX FLAGS ENTERTAINMENT CORP., and at all times mentioned herein, were acting within the scope and course of that employment.

5. On or about August 29, 202, the Plaintiff paid an admission fee to the Park for the use and enjoyment of the Park and was thereafter admitted to the Park.

6. While riding the attraction "Zumanjaro: Drop of Doom," the Plaintiff's daughter's shoe fell off onto a roof in a restricted area below.

7. The Plaintiff made requests to several Park employees to retrieve the shoe, but none of said employees initially returned the show nor provided the Plaintiff with any instructions or direction as to if, how, and/or when the shoe would be retrieved and returned to the Plaintiff and her daughter.

8. Subsequently, JOHN DOE 1, and JANE DOE 1, and JANE DOE 2, employees of the Park, negligently, carelessly, and recklessly directed Plaintiff to the restricted area where the shoe had fallen, advised the Plaintiff that no employee or agent of the Defendants would retrieve and return the shoe, and instructed the Plaintiff to attempt to retrieve the shoe herself.

9. When the Plaintiff attempted to retrieve the shoe, she fell from the roof of the restricted area below "Zumanjaro: Drop of Doom" and struck the ground below.

10. As a result of this fall, and of the negligence of the Defendants herein, the Plaintiff was caused to sustain multiple severe injuries; was caused to suffer great pain and

anguish and will, in the future, be caused to suffer great pain and anguish; was caused to incur medical expenses and will, in the future, be caused to incur medical expenses; and was caused to suffer permanent injuries.

## *FIRST COUNT*

### (Negligence of Employees)

1. In carrying out their duties as employees of Defendant SIX FLAGS GREAT ADVENTURE, LLC and/or Defendant SIX FLAGS ENTERTAINMENT CORP., Defendants JOHN DOE 1, JANE DOE 1, and JANE DOE 2 owed a duty to guests of the Park, including the Plaintiff, to ensure that such persons were not injured or otherwise unreasonably put at risk while at the Park.

2. Defendants JOHN DOE 1, JANE DOE 1, and JANE DOE 2, in breach of the duty described above, negligently, carelessly, and recklessly provided access to and instructed the Plaintiff to enter the restricted area to retrieve her daughter's shoe.

3. Defendants JOHN DOE 1, JANE DOE 1, and JANE DOE 2 knew, or in the exercise of reasonable care should have known, that the Plaintiff would be endangered by directing her to enter the restricted area to retrieve her daughter's shoe.

4. As a direct and proximate result of the negligence of Defendants JOHN DOE 1, JANE DOE 1, and JANE DOE 2, the Plaintiff was caused to sustain multiple severe injuries; was caused to suffer great pain and anguish and will, in the future, be caused to suffer great pain and anguish; was caused to incur medical expenses and will, in the future, be caused to incur medical expenses; and was caused to suffer permanent injuries.

WHEREFORE, the Plaintiff, YOLANDA FOLLORS, demands Judgment on this Count of the Complaint against Defendants JOHN DOE 1, JANE DOE 1, and JANE DOE 2,

individually, jointly, severally, or in the alternative, for damages, interest, counsel fees, costs of suit, and such other relief as the Court may deem just and equitable.

## COUNT TWO

### (Vicarious Liability)

1. The Plaintiff repeats all allegations of the First Count as if set forth herein at length and makes same a part hereof.

2. Defendant SIX FLAGS GREAT ADVENTURE, LLC and/or Defendant SIX FLAGS ENTERTAINMENT CORP., are vicariously liable for the negligent acts and omissions of Defendants, JOHN DOE 1, JANE DOE 1, and JANE DOE 2.

3. As a direct and proximate result of the negligence of the Defendant(s) aforesaid, the Plaintiff was caused to sustain multiple severe injuries; was caused to suffer great pain and anguish and will, in the future, be caused to suffer great pain and anguish; was caused to incur medical expenses and will, in the future, be caused to incur medical expenses; and was caused to suffer permanent injuries.

WHEREFORE, the Plaintiff, YOLANDA FOLLORS, demands Judgment on this Count of the Complaint against Defendants SIX FLAGS GREAT ADVENTURE, LLC and SIX FLAGS ENTERTAINMENT CORP., individually, jointly, severally, or in the alternative, for damages, interest, counsel fees, costs of suit, and such other relief as the Court may deem just and equitable.

## COUNT THREE

### (Negligence of Defendants, Six Flags Great Adventure, LLC and Six Flags Entertainment Corp.)

1. The Plaintiff repeats all allegations of the First and Second Counts as if set forth herein at length and makes same a part hereof.

2. Defendant SIX FLAGS GREAT ADVENTURE, LLC and/or Defendant SIX FLAGS ENTERTAINMENT CORP., as the owner(s) and operator(s) of the Park, owed a duty to Park guests, including the Plaintiff, to use due care to ensure that such persons were not injured or otherwise unreasonably put at risk while at the Park.

3. Defendant SIX FLAGS GREAT ADVENTURE, LLC and/or Defendant SIX FLAGS ENTERTAINMENT CORP., in breach of the duty described above, acted negligently and carelessly in hiring, training, supervising, and retaining Defendants JOHN DOE 1, JANE DOE 1, and JANE DOE 2, and failed to promulgate and enforce rules and regulations to ensure its employees and its Park were reasonably safe.

4. Defendants JOHN DOE 1, JANE DOE 1, and JANE DOE 2 were not competent to ensure safe operations at the Park at the beginning and throughout the course of their employment by Defendant SIX FLAGS GREAT ADVENTURE, LLC and/or Defendant SIX FLAGS ENTERTAINMENT CORP.

5. Defendant SIX FLAGS GREAT ADVENTURE, LLC and/or Defendant SIX FLAGS ENTERTAINMENT CORP. negligently hired, failed to train and supervise, and negligently retained Defendants JOHN DOE 1, JANE DOE 1, and JANE DOE 2, as employees and were otherwise negligent by entrusting Defendant, Defendants JOHN DOE 1, JANE DOE 1, and JANE DOE 2, with the operation of the Park and Park attractions, and failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

6. As a direct and proximate result of the negligence of the Defendant(s) aforesaid, the Plaintiff was caused to sustain multiple severe injuries; was caused to suffer great pain and anguish and will, in the future, be caused to suffer great pain and anguish; was caused to incur medical expenses and will, in the future, be caused to incur medical expenses; and was caused to suffer permanent injuries.

WHEREFORE, the Plaintiff, YOLANDA FOLLORS, demands Judgment on this Count of the Complaint against Defendants SIX FLAGS GREAT ADVENTURE, LLC and SIX FLAGS ENTERTAINMENT CORP., individually, jointly, severally, or in the alternative, for damages, interest, counsel fees, costs of suit, and such other relief as the Court may deem just and equitable.

## COUNT FOUR

### (Fictitious Parties)

1. Plaintiffs repeat all allegations of the First, Second, and Third Counts as if set forth herein at length and makes same a part hereof.

2. Defendants, JOHN DOE(S) 2-10 (fictitious names, true names unknown), JANE DOE(S) 3-10 (fictitious names, true names unknown), and ABC CORPORATION(S) 1-10 (fictitious names, true names unknown), being individuals or entities who were responsible for the ownership, operation, maintenance, control, supervision, and/or repair of the Park and the attractions therein, and as such were negligent in the manner in which the Park was owned, operated, maintained, controlled, supervised and/or repaired.

3. As a direct and proximate result of the negligence of the Defendants, JOHN DOE(S) 2-10 (fictitious names, true names unknown), JANE DOE(S) 3-10 (fictitious names, true names unknown), and ABC CORPORATION(S) 1-10 (fictitious names, true names unknown), the Plaintiff was caused to sustain multiple severe injuries; was caused to suffer great pain and anguish and will, in the future, be caused to suffer great pain and anguish; was caused to incur medical expenses and will, in the future, be caused to incur medical expenses; and was caused to suffer permanent injuries.

WHEREFORE, the Plaintiff, YOLANDA FOLLORS, demands Judgment on this Count of the Complaint against Defendants, JOHN DOE(S) 2-10 (fictitious names, true names

unknown), JANE DOE(S) 3-10 (fictitious names, true names unknown), and ABC CORPORATION(S) 1-10 (fictitious names, true names unknown), individually, jointly, severally, or in the alternative, for damages, interest, counsel fees, costs of suit, and such other relief as the Court may deem just and equitable.

### JURY DEMAND

PLEASE TAKE NOTICE that pursuant to R. 4:35-1, the Plaintiff demands a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to R. 4:25-4, Eugene S. Wishnic, Esquire, is hereby designated as trial counsel for the Plaintiff in the above-captioned litigation.

### DEMAND FOR ANSWERS TO INTERROGATORIES

PLEASE TAKE NOTICE that Plaintiff demands Answers to Form "C" Interrogatories from the Defendants under oath within the time prescribed by the Rules of this Court.

### NOTICE TO PRODUCE

Pursuant to R. 4:18-1, the Plaintiff hereby demands that each Defendant produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and each Defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance affording coverage to the Defendant, including but not limited to primary insurance policies, secondary insurance policies and/or umbrella policies. As to each available policy, please provide the following information: (a) policy number; (b) name and address of issuer or insurer; (c) inception and expiration dates; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property

damage limits; and (g) medical payment limits. For each such policy of insurance, supply a copy of the declaration page therefrom.

2. Copies of any and all documentation, records or reports, concerning the happening of the incident in question or the investigation of same, including but not limited to police reports, accident reports and/or incident reports.

3. <u>Color</u> duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions, or accounts concerning the individuals involved in the incident in question, the instrumentalities involved in the incident, the scene of the incident, or anything else relevant to the incident in question.

4. Copies of any and all statements, documents, communications and/or transmissions, whether signed or unsigned, in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, business, corporation, investigative authority, or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to safety manuals, statutes, rules, regulations, books and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

6. Copies of any and all discovery received from any other parties to the action in question.

7. Copies of any and all reports on the Plaintiff received by the Defendants, or any other party to this suit, from either the Central Index Bureau (CIB) or from any other source.

8. Copies of any and all medical information and/or documentation concerning the Plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

9. Copies of any and all records of any type concerning the Plaintiff or the incident in question which have been subpoenaed by the Defendant or received from any other source.

10. Names and current addresses of the individual(s) who last inspected the Park prior to the incident in question, whether by a governmental authority or by an agent, servant, and/or employee of this Defendant (e.g. daily inspections prior to operation).

11. Names and current addresses of all witnesses to the incident.

12. If this Defendant contends that the Plaintiff's injuries were caused by another incident or some other physical condition, disease or injury, set forth the nature of same and attach a copy of all written documents which are in the possession of the Defendant relating thereto.

13. If this Defendant intends to produce the testimony of any expert witnesses at Trial, including the treating physicians or persons who have conducted an examination pursuant to R. 4:19, set forth the names and addresses of each such witness, their area of expertise, the subject matter on which they are expected to testify, and a summary of the grounds of each opinion. Attach a true copy of all written reports provided to this Defendant by such witnesses and a summary of any oral reports.

14. Any and all documents regarding Defendant's policies on restricted areas within the Park.

15. Any and all documents (e.g., handbooks, training materials) regarding employee training regarding restricted areas within the Park.

16. Any and all documents regarding Defendant's policies on the retrieval of Park guest's property from restricted areas.

## CERTIFICATION

I hereby certify that this matter is not the subject matter or any other suit presently pending in any other Court or in any American Arbitration proceeding.

WISHNIC & JERUSHALMY, LLC

BY: _____
EUGENE S. WISHNIC, ESQ.

DATED: April 25, 2022

OCN-L-000880-22   04/26/2022 10:17:59 AM   Pg 1 of 1   Trans ID: LCV20221677778

# Civil Case Information Statement

**Case Details: OCEAN | Civil Part Docket# L-000880-22**

**Case Caption:** FOLLORS YOLANDA VS SIX FLAGS GREAT ADVE NTURE,LL
**Case Initiation Date:** 04/26/2022
**Attorney Name:** MARK E ZABEL JR
**Firm Name:** WISHNIC & JERUSHALMY, LLC
**Address:** 146 LIVINGSTON AVE
NEW BRUNSWICK NJ 08901
**Phone:** 7324481700
**Name of Party:** PLAINTIFF : FOLLORS, YOLANDA
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: YOLANDA FOLLORS?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/26/2022
Dated

/s/ MARK E ZABEL JR
Signed